United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-22-381 |
| | § | |
| LEONEL VARGAS-LOPEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Leonel Vargas-Lopez ("Defendant") is charged with one count of Illegal Reentry Following Deportation in violation of 8 U.S.C. §§ 1326(a) and (b).[1] Defendant has filed a Motion to Dismiss (Docket Entry No. 17). The Government's charge rests on a June 24, 2006, Notice and Order of Expedited Removal ("Expedited Removal Order" or "Form I-860") executed against Defendant.[2] Defendant argues that the Border Patrol violated procedures and thereby deprived him of an opportunity to withdraw his application and depart voluntarily. For the reasons stated below, Defendant's Motion to Dismiss will be denied.

---

[1]Indictment, Docket Entry No. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Expedited Removal Order, Exhibit A to Motion to Dismiss, Docket Entry No. 17-2, p. 1.

I.  **Background**

The Government filed the Indictment in this court on August 10, 2022.³ It alleges that "[o]n or about March 28, 2021 . . . Leonel Vargas-Lopez defendant herein, an alien who had previously been denied admission, excluded, deported, and removed from the United States . . . knowingly and unlawfully was present in the United States when found in Houston, Texas" without permission to be in the United States.⁴

In June of 2006 "Mr. Vargas-Lopez was apprehended by immigration agents for illegally entering the United States."⁵ Expedited removal proceedings were initiated against Defendant. In June of 2006 the expedited removal procedures stated:

> In every case in which the expedited removal provisions will be applied . . . the examining immigration officer shall create a record of the facts of the case and statements made by the alien . . . using Form I-867AB . . . <u>The examining immigration officer shall advise the alien of the charges against him</u> or her on Form I-860 . . . and <u>the alien shall be given an opportunity to respond</u> to those charges in the sworn statement . . . <u>the examining immigration official shall serve the alien with Form I-860 and the alien shall sign the reverse of the form</u> acknowledging receipt. <u>Interpretative assistance shall be used if necessary</u> to communicate with the alien.

8 C.F.R. § 235.3(b)(2)(i) (emphasis added).⁶ Defendant provided a sworn statement to Border Patrol Agent Marcos Gonzalez admitting

---

³Indictment, Docket Entry No. 1.

⁴Id.

⁵Motion to Dismiss, Docket Entry No. 17, p. 2.

⁶In 2006 these regulations were located at 8 C.F.R. § 1235.3(b)(2)(i).

that he had no lawful basis for entering the United States.[7] The record of this statement (Form I-867A) documents that Agent Gonzalez started this interview with an advisement:

> You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States.  This may result in your being denied admission and immediately returned to your home country without a hearing . . . .  This may be your only opportunity to present information to me and the Immigration and Naturalization Service to make a decision . . .[8]

Form I-867A indicates that Agent Gonzalez gave this advisement and conducted the interview in Spanish.[9] Defendant signed or initialed each page.[10] Agent Gonzalez signed the attached Form I-867B, and Border Patrol Agent Jose Morales witnessed and verified it.[11]

Agent Gonzalez generated the Expedited Removal Order (Form I-860), determining that Defendant was inadmissible and ordering him removed.[12] Regarding Form I-860, Defendant states:

---

[7]Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act ("Form I-867A"), Exhibit 2 to The United States' Response In Opposition to Motion to Dismiss Indictment ("Government's Response," Docket Entry No. 23), Docket Entry No. 23-2, p. 3.

[8]Id. at 2.

[9]Id.

[10]Id. at 2-3; Jurat for Record of Sworn Statement, Form I-867B, p. 4.

[11]Id., Jurat for Record of Sworn Statement, Form I-867B, p. 4.

[12]Expedited Removal Order, Exhibit 2 to Government's Response, Docket Entry No. 23-2, p. 1.

> I have no memory of ever being presented with Form I-860, the Notice and Order of Expedited Removal[.] The agents never explained this form to me in Spanish in June 2006. I never signed this form.[13]

The Government presents a declaration by Agent Gonzalez, which states:

> I personally served the original Notice and Order of Expedited Removal stating the determination of inadmissibility on Leonel Vargas-Lopez on June 24, 2006 . . . I always speak Spanish and explain all documents in Spanish to persons who speak Spanish . . . I do not believe, at that time, there was a place for the non-citizen to sign on the rear of the Form I-860.[14]

Mr. Gonzalez and his supervisor signed Form I-860.[15]

Defendant argues that the alleged procedural errors deprived him of the opportunity to withdraw his application and depart voluntarily. Title 8 C.F.R. § 1235.4 states that "[t]he Attorney General may, in his or her discretion, permit any alien applicant for admission to withdraw his or her application for admission in lieu of removal proceedings." Defendant states:

> The agents never explained to me that I was eligible to withdraw my application for admission into the United States. I had never heard of this form of immigration relief until my present attorney explained it to me. Had I been given the opportunity to leave on my own, I would have done it.[16]

---

[13]Declaration of Leonel Vargas-Lopez ("Vargas-Lopez Decl."), Exhibit B to Motion to Dismiss, Docket Entry No. 17-3, ¶ 4.

[14]Declaration of Border Patrol Agent Marcos C. Gonzalez ("Gonzalez Decl."), Docket Entry No. 24, p. 2 ¶¶ 9-11.

[15]Expedited Removal Order, Exhibit B to Government's Response, Docket Entry No. 23-2, p. 1.

[16]Vargas-Lopez Decl., Exhibit B to Motion to Dismiss, Docket Entry No. 17-3, ¶ 5.

Agent Gonzalez does not state whether he advised Defendant of withdrawal and voluntary departure, but he states that "it would not have been feasible to offer [Defendant] a Voluntary Return from the Brownsville, Texas area as he could not return to Honduras simply by re-crossing the Mexican border."[17]

Defendant filed the Motion to Dismiss on February 9, 2023, and the Government responded.[18]

## II.  Legal Standard

### A.  Federal Rule of Criminal Procedure 12(b)(1)

Rule 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A court may grant a motion to dismiss an indictment if the defect "in the prosecution is essentially one of law." United States v. Guthrie, 720 F. App'x 199, 201 (5th Cir. 2018) (per curiam). In illegal reentry prosecutions defendants often collaterally attack the prior removal order in a Rule 12(b)(1) motion. See, e.g., United States v. Calderon-Avalos, Criminal Action No. EP-18-CR-3156-PRM, 2019 WL 919210, at *2 (W.D. Tex. Feb. 25, 2019).

### B.  Title 8 U.S.C. § 1326(d)

In United States v. Mendoza-Lopez, 107 S. Ct. 2148 (1987), the Court held that a defendant prosecuted under 8 U.S.C. § 1326 could

---

[17]Gonzalez Decl., Docket Entry No. 24, p. 3 ¶ 14.

[18]Motion to Dismiss, Docket Entry No. 17; Government's Response, Docket Entry No. 23.

collaterally attack the underlying removal order under limited circumstances. Id. at 2156. To obtain collateral relief under 8 U.S.C. § 1326(d), a defendant must establish that "(1) [he] exhausted any administrative remedies that may have been available . . . (2) the deportation proceedings . . . improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." An error makes a removal order fundamentally unfair if it amounts to a due process violation. See United States v. Mendez, 141 F. App'x 309, 310 (5th Cir. 2005) (per curiam). For a removal order to satisfy due process, an "alien who faces deportation [must] be provided (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002).

A defendant must also show that the errors caused him actual prejudice. United States v. Castro-Gomez, 365 F. Supp. 3d 801, 809 (W.D. Tex. 2019). "To show prejudice, an alien must show that there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." United States v. Cordova-Soto, 804 F.3d 714, 719 (5th Cir. 2015) (internal quotations omitted). The burden is on the defendant to make each of these showings. See 8 U.S.C. 1326(d); United States v. Watson, Criminal Action No. 2:11-CR-168-2, 2013 WL 12208406, at *7 (S.D. Tex. Jan. 17, 2013).

### III. <u>Analysis</u>

Defendant challenges the validity of the Expedited Removal Order. He argues that he was never shown Form I-860, received no explanation of the form in Spanish, and never signed the form. He argues that he was prejudiced because the errors deprived him of the opportunity to withdraw his application for admission and depart voluntarily. The Government responds that Agent Gonzalez provided Defendant with a Form I-860 and explained it in Spanish, that the failure to get Defendant's signature was a "technical violation," and that any error did not cause actual prejudice. The Government argues that Defendant is not entitled to relief because he has not shown that the alleged errors occurred, and if they did, that they did not amount to fundamental unfairness or cause actual prejudice.

### A.  Procedural Errors

Defendant argues that Border Patrol erred by not showing him Form I-860, not explaining it to him in Spanish, and not having him sign it. The Government disputes the first two alleged errors. Defendant's only evidence are his own conclusory statements that he does not remember being given Form I-860 and that it was not explained in Spanish. These alleged errors are refuted by Agent Gonzalez's Declaration. Several facts support the credibility of Agent Gonzalez's statements. First, the Expedited Removal Order was authorized and signed by Agent Gonzalez's supervisor. Second,

Form I-860 is supported by Form I-867A. This form documents that Agent Gonzalez gave Defendant's advisement and interview in Spanish. Defendant signed or initialed each page. Given these facts, Defendant's conclusory declaration is insufficient to prove the first two alleged errors.

The Government concedes that Form I-860 does not show Defendant's signature. Agent Gonzalez states that he does not believe there was a place for the alien to sign Form I-860 in 2006. But the signature requirement appears to have applied in 2006. See 8 C.F.R. § 1235.3 (effective until January 16, 2017). The court finds that Defendant has established this procedural error.

**B.   Fundamental Fairness**

Defendant argues that the failure to obtain his Form I-860 signature made the removal process fundamentally unfair. The Government responds that it is a technical error.

Courts have reached differing conclusions as to whether a missing Form I-860 signature amounts to a due process violation. Compare United States v. Caldera-Lazo, 535 F. Supp. 3d 1037, 1056 (E.D. Wash. 2021) with United States v. Sanchez-Lopez, 414 F. Supp. 3d 842, 845 (E.D. Va. 2019). In Caldera-Lazo the defendant was charged with illegal reentry based on a prior expedited removal order. Id. at 1053. He alleged several procedural errors in the issuance of that order, including that the officer did not have him sign the back of Form I-860. Id. The

court held that this error amounted to a due process violation sufficient to satisfy § 1326(d). Id. The court reached this conclusion by applying a Ninth Circuit rule that violating a procedure "designed to protect a noncitizen's right to know the charge against him and to have an opportunity to respond" necessarily violates due process. Id. at 1056 (citing United States v. Raya-Vaca, 771 F.3d 1195, 1204 (9th Cir. 2014)).

In Sanchez-Lopez the defendant was charged with illegal reentry based on a prior expedited removal order. 414 F. Supp. 3d at 844. He also challenged the order based on the failure to have him sign Form I-860. Id. But the court held that this error did not amount to a due process violation because other evidence showed "that the Defendant was apprised of the substance of Form I-860." Id. at 845. The court emphasized that Form I-867A showed that the officer spoke Spanish with the defendant and that he advised the defendant:

> that he did 'not appear to be admissible or to have the required legal papers authorizing his admission into the United States,' that he may be 'denied admission into the United States ... immediately removed from this country, and ... barred from reentry for a period of 5 years or longer,' and that the hearing would be his only opportunity to present information before the immigration officer made a decision.

Id. at 845-46. The defendant acknowledged in the interview that he was not a citizen of the United States. Id. at 846. Based on the Form I-867 advisement and the defendant's interview, the court concluded that "[t]his conversation [] covered the entire substance

of what was on Form I-860, and made clear to the Defendant that it was his opportunity to participate in the proceedings against him." Id.

The court is not persuaded by the approach in Caldera-Lazo. Due process requires that a non-citizen be advised of the charges against him and given a fair opportunity to respond, but a Form I-860 signature is not the only safeguard for these rights. As the Sanchez-Lopez court noted, the Form I-867 advisement communicates that immigration officials believe the person to be without legal status. It also communicates that the person may be removed unless he provides supporting information.

Applying Sanchez-Lopez, the court notes that Agent Gonzalez gave the Form I-867A advisement in Spanish, and Defendant signed or initialed each page. Moreover, Defendant does not dispute the accuracy of Form I-867A, does not dispute that the advisement and interview were given in Spanish, and does not dispute that he signed Form I-867A. Because Defendant was made aware of the charges against him and given an opportunity to respond, the court concludes that the missing Form I-860 signature does not amount to a due process violation.

## C. Actual Prejudice

Defendant argues that the alleged errors prejudiced him by depriving him of an opportunity to withdraw his application and depart voluntarily.

In Sanchez-Lopez the defendant alleged that the failure to provide Form I-860 in Spanish and to obtain his signature prejudiced him by depriving him of an opportunity to withdraw his application. 414 F. Supp. 3d at 845. The court stated:

> Even assuming that the above two errors constituted due process violations, these errors were not causally linked to the prejudice the Defendant claims. <u>Nothing in Form I-860 refers to the possibility of discretionary relief from removal,</u> or an alien's ability to request it. Therefore, the alleged prejudice did not occur as a result of the defects.

Id. at 846 (internal quotations omitted) (emphasis added).

As in Sanchez-Lopez, Defendant has not pointed to a causal link between the alleged errors and the alleged prejudice. Nothing in Form I-860 refers to the right to withdraw an application. Nothing in relevant statute or regulation requires the immigration officer to consider or mention application withdrawal. See 8 U.S.C. § 1225(a)(4) ("An alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States."); 8 C.F.R. § 1235.4 ("The Attorney General may, in his or her discretion, permit any alien applicant for admission to withdraw his or her application for admission in lieu of removal proceedings . . ."). Even the INS's internal manual does not appear to require agents to mention or consider withdrawal.[19] Defendant therefore has not shown that the alleged errors caused him actual prejudice.

---

[19] Motion to Dismiss, Docket Entry No. 17, p. 7.

-11-

## IV. Conclusion and Order

Although Agent Gonzalez did not have Defendant sign Form I-860 — the Expedited Removal Order, this error does not amount to a due process violation, and entry of the expedited removal order was not fundamentally unfair. Moreover, Defendant has not shown that any of the alleged errors caused actual prejudice. Because Defendant has not met the § 1326(d) requirements for collaterally attacking a prior removal order, Defendant's Motion to Dismiss (Docket Entry No. 17) is **DENIED.**

**SIGNED** at Houston, Texas, on this 20th day of April, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE